# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3281
_____

United States of America

*Plaintiff - Appellee*

v.

Charles Micha Hendricks

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: August 22, 2014
Filed: August 27, 2014
[Unpublished]

_____

Before BENTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Charles Micha Hendricks conditionally pled guilty to possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). He appeals, arguing the district court[1] should have suppressed evidence from a search

_____

[1] The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

following a stop for a traffic violation. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

An Arkansas trooper observed Hendricks's wrecker traveling within the speed limit in the left lane of Interstate 40. Hendricks was occasionally passing traffic in the right lane. A vehicle closed in on his wrecker and then backed off repeatedly. After following the two vehicles for almost five miles, the trooper saw Hendricks move to the right lane. The other vehicle passed in the left lane. The trooper stopped Hendricks for impeding traffic in the left lane, a violation of Arkansas Code 27-51-301(b). Asked for permission to search the wrecker, he consented. The trooper discovered the cocaine, and Hendricks made incriminating statements.

This court affirms a denial of a motion to suppress unless it is unsupported by substantial evidence, it erroneously interprets the law, or, based on the entire record, it is clearly mistaken. *United States v. Gordon*, 741 F.3d. 872, 875 (8th Cir. 2013). This court reviews factual findings for clear error and legal conclusions de novo. *United States v. Brooks*, 715 F.3d 1069, 1075 (8th Cir. 2013).

A traffic stop is a "seizure" under the Fourth Amendment, and must be supported by probable cause or reasonable suspicion. *Gordon*, 741 F.3d at 876. An officer who observes a traffic violation has probable cause to stop the vehicle. *United States v. Riley*, 684 F.3d 758, 762 (8th Cir. 2012).

Hendricks argues that he was not impeding the flow of traffic, not violating a traffic law, and any reasonable officer would know that. He asserts he was "moving past" or "making progress on" all traffic in the right lane. Hendricks concludes that the stop was unlawful, and that the resulting evidence and statements should be suppressed as fruit of the poisonous tree.

The issue, however, is not whether Hendricks actually committed a traffic violation, but whether the trooper's actions were objectively reasonable. *See United*

*States v. Hastings*, 685 F.3d 724, 727 (8th Cir. 2012) ("the validity of a stop depends on whether the officer's actions were objectively reasonable in the circumstances"). The trooper, a 29-year veteran, stopped Hendricks because he observed him impeding traffic. The district court believed the trooper's testimony, finding the traffic stop objectively reasonable. These determinations, based on the trooper's credibility, are neither clearly erroneous nor clearly mistaken. *See United States v. Mendoza*, 677 F.3d 822, 827 (8th Cir. 2012) ("[W]hen the trial judge's credibility determination is based upon 'a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.'" (citation omitted)).

Because there was probable cause for the traffic stop, the resulting evidence and statements were lawfully obtained.

The judgment is affirmed.

_____